IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                        Plaintiff,                                OPINION AND ORDER

    v.

                                                                          25-cv-343-wmc

CORRECTIONAL OFFICER WAGGLE,

                        Defendant.

---

      Plaintiff David D. Ebben, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that defendant Correctional Officer Waggle violated his rights while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). Because plaintiff filed this case as a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because the pleadings are insufficient to state a claim, the court will dismiss the complaint without prejudice and give plaintiff an opportunity to amend to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

At all times relevant to the complaint, plaintiff David D. Ebbens was incarcerated by DOC at the New Lisbon Correctional Institution ("NLCI"). Plaintiff alleges that on the morning of January 12, 2024, he went to the "M.O.S." for a zoom hearing in connection with a "D.U.I. case."[2] Defendant Waggle asked plaintiff for his paperwork and plaintiff explained that he could not find it as he had just moved rooms. Waggle informed plaintiff that he needed the paperwork and directed plaintiff to return to his cell and look for it. Plaintiff, who was concerned that he would miss his zoom hearing, told Waggle that he had already thoroughly searched his cell and could not locate the paperwork. After placing a phone call, Waggle escorted plaintiff to "the televisit station."

After court concluded, plaintiff went back to his unit. At around noon, plaintiff went back to the M.O.S. for his weekly Jummah service, which is a "traditional Muslim service that is obligatory." Plaintiff was met at the door by Waggle, who said to plaintiff, "You're late Allah." After Waggle repeated the remark, plaintiff became upset and told Waggle that his remark was "extremely disrespectful to him and his religion and there was absolutely no need for it." Without waiting for a response, plaintiff left the M.O.S. and skipped the Jummah service.

Plaintiff reported Waggle's insensitive, racist remarks to a sergeant, the unit manager, and the security director, who encouraged plaintiff to pursue a grievance. However, the

---

[1] The facts in this section are taken from plaintiff's complaint. (Dkt. #1.) In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Plaintiff does not explain what "M.O.S." stands for, but the court infers that it is a multipurpose area within the prison.

2

Institution Complaint Examiner dismissed plaintiff's grievance for procedural reasons, and the warden subsequently dismissed his appeal. Disappointed by the lack of relief, plaintiff skipped several other Jummah services.

OPINION

Plaintiff has filed this suit under 42 U.S.C. § 1983, alleging that the defendants violated his rights. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff's primary claim is that defendant Waggle disrespected him by calling him "Allah," which plaintiff interpreted as an offensive remark about his religious beliefs. However, verbal harassment of this nature is insufficient grounds for relief under § 1983. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020); *but see Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (verbal sexual harassment accompanied by suggestive gestures, which arguably placed plaintiff at greater danger of assault by other prisoners and allegedly caused inmate psychological trauma to the extent of seeking mental health care, stated viable Eighth Amendment claim).

Plaintiff alleges further that Waggle's actions violated the First Amendment by interfering with the practice of his religious beliefs. The court will not allow plaintiff to proceed

with this claim because, other than Waggle's offensive remarks, plaintiff alleges no facts showing that Waggle precluded him from attending Jummah services.  Even construing all of the inferences in plaintiff's favor, plaintiff admits that he left the M.O.S. building voluntarily after being upset by Waggle's remarks and that he further chose not to attend other services after being disappointed by the result of his grievance.  Although plaintiff also invokes the Fourteenth Amendment Equal Protection Clause, he similarly fails to allege facts showing that he was prevented from attending Jummah services due to intentional discrimination.  *See Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.").

Plaintiff claims further that Waggle's offensive remarks were made in retaliation for the dispute that he had with plaintiff about his missing paperwork.  To state a First Amendment retaliation claim, plaintiff must allege that:  (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).  Plaintiff fails to state a claim because insubordinate verbal remarks to prison staff do not qualify as protected activity.  *See, e.g., Kervin v. Barnes*, 787 F.3d 833, 834 (7th Cir. 2015) ("backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected").  Likewise, offensive remarks by a correctional officer are not a sufficient deprivation to support a retaliation claim.  *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016) ("'verbal harassment' of a prisoner does not suffice [to deter a person of ordinary firmness from engaging in future First Amendment activity], and . . . even threats may not

suffice"). For these reasons, plaintiff fails to state a claim for retaliation.

Because plaintiff has failed to articulate a viable claim, the court will dismiss the complaint without prejudice and give plaintiff a brief window of time to file an amended complaint, if he wishes to do so. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, as set forth above.

2. Plaintiff has until January 9, 2026, to file an amended complaint that corrects the above-referenced deficiencies. If plaintiff does not file an amended complaint before that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Plaintiff's motion for a status report (dkt. #15) is DENIED as moot.

Entered this 9th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge