IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                Plaintiff,                        OPINION AND ORDER

   v.

                                                       25-cv-343-wmc

CORRECTIONAL OFFICER WAGGLE,

                Defendant.

---

Plaintiff David D. Ebben, who is representing himself, filed this lawsuit against Correctional Officer Waggle while plaintiff was incarcerated by the Wisconsin Department of Corrections. The court dismissed plaintiff's original complaint for failure to state a claim but allowed leave to amend. (Dkt. #16.)

Plaintiff has now filed an amended complaint. (Dkt. #20.) Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the amended complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, the amended complaint fails to state a claim and, therefore, this action will be dismissed for the reasons set forth below.

ALLEGATIONS OF FACT[1]

Plaintiff alleges that in October 2024, he was wearing a "religious kufi," which is a cap worn by practicing Muslims, while waiting in line to receive medication at the New Lisbon Correctional Institution ("NLCI").  He claims that defendant Officer Waggle told him that he could not wear a "hat" during "medication."  When plaintiff refused to remove his kufi, Officer Waggle ordered plaintiff to return to his unit.  As a result, plaintiff did not receive his prescribed medication that day.

On another unspecified occasion, plaintiff claims Officer Waggle refused to give him a "replacement toothbrush" after his toothbrush "fell to the floor and became unsanitary."  Waggle allegedly told plaintiff that toothbrushes were only issued on certain days and that plaintiff's indigent status "did not matter."  On yet another unspecified occasion, Officer Waggle refused to provide plaintiff with legal supplies.  He provides no other details.

OPINION

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S.

---

[1] The facts in this section are taken from plaintiff's amended complaint, which supersedes his previous complaint.  *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).

2

at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 556.  In making this determination, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Here, plaintiff alleges that Officer Waggle violated his rights under the First Amendment by retaliating against him after he refused to remove his kufi while waiting for his medication.  To plead a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant[']s] decision to take the retaliatory action."  *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).  Even assuming that plaintiff satisfies the first element, he does not satisfy elements two or three.

Plaintiff does not allege that he suffered *any* adverse consequences from missing one dose of medication, failing to receive a replacement toothbrush on the day he requested one, or lack of legal supplies.  Thus, he has not plausibly alleged that the adverse actions were sufficiently serious deprivations that would likely to deter a person of ordinary firmness from exercising his First Amendment rights.  *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1120-21 (7th Cir. 2009) (explaining in a Title VII retaliation case that a plaintiff who is "punished" but experiences no hardship has not shown a materially adverse

action); *West v. Kingsland*, 679 F. App'x 482, 486 (7th Cir. 2017) (concluding that a prisoner who complained of cell searches and a housing unit transfer, but no materially adverse consequences, did not suffer an "actionable deprivation").

Likewise, plaintiff's amended complaint is bereft of any facts demonstrating that the alleged adverse actions were motivated by retaliatory intent. His threadbare recitals, supported by mere conclusory statements, are not sufficient. *Iqbal*, 556 U.S. at 678. Therefore, plaintiff has failed to allege a plausible claim for retaliation.

Accordingly, plaintiff's amended complaint fails to state a claim upon which relief may be granted. Because plaintiff has already had an opportunity to amend his complaint, and he has not corrected the deficiencies outlined previously by the court, this action will be dismissed without further leave to amend and with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed with his amended complaint (dkt. #20) and this action is DISMISSED with prejudice for failure to state a claim.

2. The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4